UNITED STATES v. PERTH AMBOY SHIPBUILDING & ENGINEERING CO. et al.

(Circuit Court, D. New Jersey. May 15, 1905.)

1. BOND—CONSTRUCTION—PERFORMANCE OF CONTRACT.

In an action at law against the obligors of a bond conditioned for the full and faithful performance of a contract therein referred to, the contract itself, as set forth in the declaration, provided for the construction and equipment of two steamers within a fixed period according to certain plans and specifications, and, upon failure so to do, the other party to the contract, the United States, might complete the same by contract. The declaration alleged that said steamers were not completed within said period, that the contractor had abandoned the contract, and that thereupon the United States had advertised for other and new bids to construct and complete said steamers; that a new contract for the purpose was thereupon made, and that they were in fact completed thereunder. The declaration was demurred to for the reason, among others, that the new contract was for the construction and completion of said steamers, whereas under the original contract it should have been for their completion only.

Held that, as used, the words "construction and completion" were substantially the same in meaning.

2. SAME.

Held, further, that the word "constructed," as used, did not imply, as was claimed, other or different steamers than those originally contracted for.

3. SAME—PLEADING.

And it appearing that the original contractor had failed to complete said contract within the period fixed therefor, and had in fact abandoned the same, it was—

Held, further, that it was unnecessary to state in the declaration the exact date of abandonment, it appearing that the new contract was awarded after such abandonment.

(Syllabus by the Court.)

On Contract. On demurrers to declaration.

John B. Vreeland and Theodore B. Booraem, for plaintiff.

Frank P. McDermott, for defendant, U. S. Fidelity & Guaranty Co.

Adrian Lyon, for defendant Perth Amboy Shipbuilding & Engineering Co.

CROSS, District Judge. This is an action on contract brought by the United States of America against the Perth Amboy Shipbuilding & Engineering Company and the United States Fidelity &

Guaranty Company, of Baltimore, Md., and the questions considered
arise upon separate demurrers filed by the defendants to the plaintiff's declaration. The action is founded upon a joint and several
bond given by the defendants to the plaintiff, dated January 27,.
1903, in the penal sum of $30,000, with the following condition:

"Whereas the above-bounden Perth Amboy Shipbuilding and Engineering
Co., has on the twenty fourth day of January, 1903, entered into a contract
with the United States, represented by Colonel D. D. Wheeler, Assistant
Quarter Master General U. S. Army for constructing and equipping two (2)
Standard Steel Screw Steamers for harbor service: Now, therefore, if the
above-bounden Perth Amboy Shipbuilding and Engineering Co., shall and
will, in all respects, duly and fully observe and perform all and singular the
covenants, conditions, and agreements in and by the said contract agreed and.
covenanted by said Perth Amboy Shipbuilding and Engineering Co., to be
observed and performed according to the true intent and meaning of the said
contract, and as well during any period of extension of said contract that may
be granted on the part of the United States as during the original term of
the same, and shall promptly make full payments to all persons supplying
it labor or materials in the prosecution of the work provided for in said contract, then the above obligation shall be void and of no effect; otherwise
to remain in full force and virtue."

The contract referred to in said bond is dated January 24, 1903,
and, as stated in the declaration, was between Col. D. D. Wheeler,
assistant quartermaster general of the United States army, for and
in behalf of the United States of America, and said Perth Amboy
Shipbuilding & Engineering Company; and said company did
thereby covenant and agree that it would furnish all the material
and labor necessary to, and would construct and completely equip,
two steel screw steamers for harbor service of the quartermaster
department, in strict accordance with the requirements of the
specifications and drawings thereto attached and made a part thereof; and that the said Perth Amboy Shipbuilding & Engineering
Company would complete the construction and equipment of the
two steamers therein referred to, and deliver them to the said plaintiff as follows: One steamer to be completed and delivered in 120
working days, and the other in 130 working days, from the date
of said contract; and that, in case the said Perth Amboy Shipbuilding & Engineering Company failed to complete in all respects and
deliver the two steamers within the time therein specified, the loss
resulting to the United States from the said failure was thereby
fixed at the rate of $50 per day per steamer for each and every day
either or both of said steamers remained undelivered beyond the
period therein specified; and it was thereby stipulated that the
plaintiff might withhold such amount, as liquidated damages therein mentioned, from any money due and payable to said Perth Amboy Shipbuilding & Engineering Company by the plaintiff for the
work done under said contract.

The declaration further alleges that, for the consideration of the
faithful performance of the stipulation of said agreement, the
said Perth Amboy Shipbuilding & Engineering Company should
be paid for the complete construction and equipment of said steamers the total sum of $105,000, and that, in case of the failure of the
said Perth Amboy Shipbuilding & Engineering Company to comply

with the stipulations of said contract, then the plaintiff should have the power to complete the said work at the expense of the said Perth Amboy Shipbuilding & Engineering Company in such manner as the said United States should deem best for the interest of the public service, either by day's labor and open market purchase of the necessary materials, or by contract, or both, and any excess of cost resulting from such failure should be charged to the said Perth Amboy Shipbuilding & Engineering Company.

The breach assigned to the condition of the bond is as follows:

"Said plaintiff says that the said Perth Amboy Shipbuilding & Engineering Company did not duly and fully observe and perform all and singular the covenants, conditions, and agreements in and by said contract agreed and covenanted by the said Perth Amboy Shipbuilding & Engineering Company to be observed and performed, according to the true intent and meaning of the said contract, but failed and neglected to construct and completely equip said two steel screw steamers in accordance with the requirements of the specifications and drawings attached to said contract within the period mentioned therein; but, on the contrary, failed and neglected to complete the same within the time aforesaid, and in fact abandoned said work of construction; that thereupon the United States of America, on the 1st day of December, 1903, having duly advertised for and received other and new bids for the construction and completion of said steamers, entered into a certain other contract, bearing date the day and year last aforesaid, with the Pussey & Jones Company, a corporation existing under the laws of Delaware, they being the lowest bidders therefor, for the construction and completion thereof at a cost of seventy-six thousand nine hundred dollars for each steamer, in all, the sum of one hundred and fifty-three thousand eight hundred dollars, whereupon the said Pussey & Jones Company entered upon the performance of their said contract, and duly completed the construction of the said steamers, and delivered the same to the said plaintiff, and received in payment therefor the said sum of one hundred and fifty-three thousand eight hundred dollars, the price named in the last-mentioned contract."

Then follows an allegation that by means of the premises the plaintiff sustained damage to the amount of $48,800, being the amount in which the plaintiff was damnified by reason of the Perth Amboy Shipbuilding & Engineering Company failing to fully perform the conditions in the said bond, and whereby the same became forfeited, and an action accrued to the plaintiff to demand and have of the defendants the aforesaid sum of $30,000, which the said defendants had not, nor had either of them, paid.

The principal grounds of demurrer assigned, briefly stated, are that the declaration does not set forth with sufficient certainty that the contract entered into with the Pussey & Jones Company was a contract for the completion of the steamers agreed to be constructed by the defendant; that it does not set forth that the plaintiff completed the work of constructing said steamers agreed to be constructed by the defendant; that it sets forth that the contract with the Pussey & Jones Company was for the construction of other and new steamers, and not for the completion of the steamers agreed to be constructed by the defendant; that it does not set forth that the bids received, or the said contract entered into with the Pussey & Jones Company, were for steamers identical in all respects with those agreed to be constructed by said defendant; and that the date of the abandonment of the contract by the Perth Amboy Ship-

building & Engineering Company is not stated in the declaration. These reasons were substantially assigned by both defendants. Other reasons were assigned, but they were not urged upon the argument.

In assigning a breach of the condition of the bond, the declaration sets forth that the shipbuilding company failed and neglected to construct and completely equip said two steel screw steamers, in accordance with the requirements of the specifications and drawings attached to the said contract, within the period mentioned therein, but, on the contrary, failed and neglected to complete the same within the time aforesaid, and in fact abandoned said work of construction; that thereupon the plaintiff, on December 1, 1903, having duly advertised for and received other and new bids for the construction and completion of said steamers, entered into a certain other contract, of the day and year last aforesaid, for the construction and completion thereof; and that the new contractor entered upon the performance of said contract, duly completed the construction of the said steamers, delivered the same to the plaintiff, and was paid the contract price. As we understand the defendants' argument, it is that the United States, in advertising for and receiving other and new bids for the "construction and completion" of said steamers, departed from the original contract; or, in other words, that by the addition of the word "construction" the plaintiff provided for the building of new and different steamers than the ones referred to in the original contract. We fail, however, to see any force in this objection. There can be no doubt whatever that the words "said steamers," for which the new bids and the new contract were made, relate back to "said two steel screw steamers" previously referred to, and which were the steamers provided for in the shipbuilding company's contract. This must be so, since there is no other antecedent to which the words "said steamers," as used in connection with the new contract, can possibly relate; the most superficial reading of the declaration shows this. The only question, therefore, for consideration is whether the use of the word "construction," in connection with the word "completion," in advertising for the new bids and making the new contract, constituted, as claimed by the defendants, a failure on the part of the plaintiff to comply with the contract, which reserved to the plaintiff the right, upon the defendants' default, "to complete the said work" by day's labor, or by contract, or both. We feel constrained to hold, however, notwithstanding the word "construction" is injected in the declaration without being in the contract, that there was a substantial compliance with the terms of the contract. The process of completion was necessarily a process of construction; the two words, as there used, have practically the same meaning. If there had been nothing to complete, there would have been nothing to construct, and vice versa. In De Graff v. St. Paul & Pac. R. R. Co., 23 Minn. 146, the court, in referring to a railroad contract, says, "The word 'completing' has substantially the same signification as the word 'constructing,'" and this seems a natural and common-sense interpretation of the terms; certainly

it cannot be that the use of the word "construction," limited, as it was, to "said steamers," implied the completion of any other or different steamers than those the defendant the shipbuilding company had agreed to construct; hence, when the new contract was made to construct and complete the original steamers, it meant nothing more in law than to complete them, and that in turn involved completing them in the identical way in which they were originally intended to be completed. The conclusion, therefore, reached is that, in the respect aforesaid, there was no variation or departure from the original contract.

But it is said that the United States did not, so far as the declaration shows, complete the work of construction of said steamers. It is true the plaintiff did not do the work itself, nor was it obliged to; it had a right to do the same by day's work or by contract, as might seem best for the public service. It chose to have it done by contract, and the allegations are that it was so done, that the steamers were delivered to the plaintiff, that the contractor was paid, and that the consequent loss to the plaintiff arose from the defendant's failure to perform its contract.

Another cause for demurrer assigned is that the declaration did not set forth the date of the abandonment by the defendant the shipbuilding company of its contract. The demurrer, however, admits that said defendant failed and neglected to construct and completely equip said two steel screw steamers in accordance with the requirements of the specifications and drawings, attached to said contract, within the period mentioned therein, and, in fact, abandoned said work of construction. These averments are all, and more than was necessary to show a breach of the condition of the bond; the failure to construct and complete within the contract time was of itself a breach, and the addition of the words "and in fact abandoned said work of construction" might well be treated as surplusage. The admission on the part of the defendants by demurring is that the contract was not only not completed within the stipulated time, but was absolutely abandoned, and that it was after this that the new bids were advertised for.

This disposes of all the reasons for demurrer which were urged on the argument. It may be added, however, that the others seem quite unimportant.

The demurrers will both be overruled, with leave to the defendants to plead within 15 days, if they shall so desire.